IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBINSON, et al

      Plaintiff,

v.                                     1:15-cv-00839-KG-LF

LOS ALAMOS NATIONAL SECURITY, LLC et al,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the Honorable Kenneth Gonzales' Order of Reference. Doc. 31.  Judge Gonzales referred this matter to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case, including the question of whether this matter should be remanded to the state court for lack of subject matter jurisdiction.  *Id.*  Based upon my review of the case, and for the reasons outlined below, I recommend that the Court dismiss this case for lack of subject matter jurisdiction and remand it to state court.

### I.    Procedural Background

This case began in Los Alamos Magistrate Court when plaintiff Bruce Kormick, a property manager, filed a Petition by Owner for Restitution, seeking a judgment for unpaid rent and a court order to evict tenants/defendants Deborah Robinson and Eveline Robinson.  Doc. 25-5 at 1.  This complaint contained no claims under federal law.  The claims in the complaint were governed solely by New Mexico landlord-tenant law—New Mexico's Uniform Owner- Resident Relations Act, N.M. Stat. Ann. §§ 47-8-1 *et seq.* (1978).  Doc. 25 at 2; Doc. 25-5 at 1. Defendant Deborah Robinson lost the July 22, 2015 magistrate court trial, and was ordered to

pay $1,667.00 and to vacate the premises no later than August 1, 2015.  Doc. 25 at 3; Doc. 25-2 at 1–2.

Ms. Robinson appealed the magistrate court's decision by filing a two-page Notice of Appeal in the First Judicial District Court, County of Los Alamos, State of New Mexico, on July 29, 2015.  Doc. 1-3 at 7–8.[1]  Ms. Robinson—the defendant in magistrate court and the one filing an appeal—should have been labeled as the "Defendant-Appellant" in the state district court. Bruce Kormick—the plaintiff and prevailing party in the magistrate court—should have been labeled as the "Plaintiff-Appellee" in the state district court.  However, it appears—as Mr. Kormick and Byron Smith point out in their Motion for Expedited Remand —that the state district court made a clerical error in labeling Ms. Robinson as the "Plaintiff-Appellee" on the docket, and Mr. Kormick as the "Defendant-Appellant."  *See* Doc. 25 at 3.[2]

After filing her Notice of Appeal, Ms. Robinson filed several other documents with the state district court, attempting to join additional claims and parties.[3]  On August 19, 2015, Ms. Robinson filed a document she called a "petition," in which she asked the state district court to address a multitude of additional unrelated claims as part of her landlord-tenant appeal— including correcting her arrest record, false imprisonment claims, denial of SSI benefits, medical

---

[1] Under the Uniform Owner-Resident Relations Act, a tenant can stay an eviction by timely appealing to the state district court and posting a bond.  *See* N.M. Stat. Ann § 47-8-47 (1978).

[2] In determining the removing party's proper characterization, federal law controls. *Chicago Rock Island & Pacific R.R. v. Stude*, 346 U.S. 574, 580 (1954).

[3] On the same day she filed her Notice of Appeal, Ms. Robinson filed a Request for a Hearing/Setting.  Doc. 1-6 at 1.  On August 5, 2015, she filed a Motion to Amend/Modify the matters to be heard in the district court and to "joiner (sic) 3rd party defendants for US Federal Removal."  *Id.* at 2–4.  On August 12, 2015, she filed a motion attempting to join additional parties. *Id.* at 5–6.  On August 12, 2015, Ms. Robinson sent a letter to the judge in state district court, in which she labeled Los Alamos National Security on the caption page as a "Defendant-3rd Party."  *Id.* at 8.

benefit loss, malpractice, housing violations, EEOC violations, and conversion, among others. *See* Doc. 1-2.[4]  The state district court docketed this document as a "Petition (Non-Opening)." Doc. 25-3 at 1.[5]

On September 23, 2015—before the state district court had a chance to rule on any of Ms. Robinson's hearing requests, motions, or the "petition"—Los Alamos National Security, LLC ("LANS") removed the case to this Court.  Doc. 1.  In the Notice of Removal, LANS erroneously characterized Ms. Robinson's August 19, 2015 petition as "**a complaint** adding in multiple different parties and claims to the case."  *Id*. at 2 (emphasis added).  The "petition," however, read in the procedural context of the record, is more properly characterized as **a motion** to join additional claims and parties.

## II.      Law Governing Removal to Federal Court

There is a presumption against removal jurisdiction, and removal statutes must be narrowly construed.  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (internal citations omitted).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  A court must deny its jurisdiction "in all cases where such jurisdiction does not affirmatively appear in the record."  *Compagnie des Bauxites*, 456 U.S. 694, 702 (1982) (internal quotations and citations omitted).  "The burden of

---

[4] There is some evidence that Ms. Robinson knew she had to file a motion to join additional parties:  on the caption of this document, Ms. Robinson lists LANS in the "Joinder 3rd Party(ies)" group, Doc. 1-2 at 1; on the next-to-last page of this document, Ms. Robinson refers to it as a "motion" and states that the other party will not talk to her about her motion because "he hangs up-Hate Crime," *id*. at 23.

[5] After filing her "petition," Ms. Robinson continued to file motions with the state district court. On September 2, 2015, she filed a motion "to Efile the Remainder of Correction of Arrest Record," in which she again asks the court to join a multitude of parties and unrelated claims. Doc. 1-8 at 6–11.  On September 16, 2015, she filed a "Motion for an order to Force Conservator/Guardian of Eveline Robinson to Pay Deborah Robinson for Compensation and to Arrest all Attempting to Kill Cat at Arroyo Premises."  *Id*. at 12–18.

establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (internal citations omitted).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." I have thoroughly reviewed the state court record, as well as the pleadings filed in this Court. For the reasons explained below, this Court lacks subject matter jurisdiction. I therefore recommend that the Court remand this case to state court.

### A. The Well-Pleaded Complaint Rule

As grounds for removal, LANS alleges that Ms. Robinson asserts several federal causes of action in her "complaint"—including constitutional violations by various parties, federal employment discrimination, and Fair Housing violations. Doc. 1 at 5–6.

Federal question jurisdiction is governed by 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (internal quotations and citations omitted).

The Supreme Court described the jurisdictional framework governing removal of federal question cases as follows:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a

> federal question is presented on the face of the plaintiff's properly pleaded
> complaint.  The rule makes the plaintiff the master of the claim; he or she may
> avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal footnotes and citations omitted).

"This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."  *Hunt,*

427 F.3d at 726.

   LANS refers to Ms. Robinson as a "plaintiff," and to the petition she filed on August 19,

2015 as a "complaint."  *See* Doc. 1.  However, the record shows that Ms. Robinson was not a

plaintiff, but rather a Defendant-Appellant.  Ms. Robinson's "petition" is not a complaint, but is

more properly construed as a motion to join additional parties and claims.

   Under Rule 1-072 NMRA—which governs appeals from New Mexico state magistrate

courts to New Mexico state district courts in "trial de novo" cases—Ms. Robinson was entitled to

*de novo* review of the magistrate court judgment.  Under this rule, "[t]he complaint and other

pleadings filed in the magistrate court shall be the complaint and pleadings in the district court."

*See* Rule 1-072(I) NMRA.  The original plaintiff in the magistrate court may file an amended

complaint within 30 days after service of the notice of appeal.  *Id.*  If the original plaintiff files an

amended complaint, the original defendant has 30 days to file a responsive pleading.  *Id.*

   Thus, the "complaint" in this case is the complaint filed by Mr. Kormick in Los Alamos

Magistrate Court.  Doc. 25-5 at 1.  As stated above, this complaint contains no claims under

federal law.  The claims in the complaint are governed solely by New Mexico landlord-tenant

law.  Doc. 25 at 2; Doc. 25-5 at 1.  Because Mr. Kormick did not amend his complaint after Ms.

Robinson appealed, Ms. Robinson was not entitled to file a responsive pleading under Rule 1-

072(I) NMRA.

While Ms. Robinson filed numerous additional requests and motions after she appealed the magistrate court's decision, none of these filings transformed her into the "plaintiff," or her motion into a "complaint."  Ms. Robinson's filings are difficult to decipher, and she did not follow the proper steps of civil procedure, which has contributed to the confusion in this case. However, the state court record shows that Ms. Robinson is a defendant, not the plaintiff.  There are no federal questions on the face of plaintiff Bruce Kormick's complaint.  Under the well-pleaded complaint rule, this case could not have been filed originally in federal court.  This Court therefore lacks subject matter jurisdiction over this case.

### B.   LANS was not Joined in the State Court Proceeding and Lacked Standing to Remove the Case.

LANS argues that Ms. Robinson may have "misjoined" some parties, but that this joinder was effective until challenged by a party or addressed *sua sponte* by the state court.  Doc. 32 at 3. LANS argues that Ms. Robinson was the plaintiff in the state district court, and that she had the right to amend her complaint before a responsive pleading was served.  *Id.* at 4.  According to LANS, Ms. Robinson's "petition" effectively amended her complaint to join LANS and the other listed parties.  *Id*. at 4.  I disagree.

As the defendant-appellant in a landlord tenant appeal, Ms. Robinson lacked the ability to join additional parties without the permission of the state district court.  Ms. Robinson was required to file a motion and obtain a court order to join or implead any additional parties.  As previously stated, this Court construes Ms. Robinson's "petition" as a motion to join additional claims and parties to the lawsuit.  The New Mexico District Court rule governing misjoinder and nonjoinder of parties states that "parties may be dropped or added **by order of the court on motion** of any party or of its own initiative at any stage of the action and on such terms as are just."  *See* Rule 1-021 NMRA (emphasis added).  Similarly, if Ms. Robinson was attempting to

implead LANS and the other parties listed in her "petition," she was required to file a motion and obtain an order permitting her to do so.  *See* Rule 1-014 NMRA.[6]

There is no order from the state district court joining LANS or any of the additional parties Ms. Robinson listed in her August 19, 2015 petition to the state court case.[7]  LANS removed the case before the state court ruled on Ms. Robinson's motion to join LANS as a party. "Until the state judge granted the motion . . . there was no basis for removal." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (discussing a motion to amend).  Indeed, there might never be a basis for removal, "since the state judge might deny the motion." *Id.*  Because the state court had not joined LANS, LANS lacked standing to remove the case to this Court. Ms. Robinson did not make LANS a party simply by hanging a copy of the petition on LANS'

---

[6] Rule 1-014 NMRA states:  "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.  The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than ten days after he serves his original answer.  **Otherwise he must obtain leave on motion upon notice to all parties to the action.**"  (Emphasis added.)  Ms. Robinson never obtained leave of the state district court to serve a summons and complaint on LANS, or on any of the other defendants she listed in her "petition."  Indeed, there is no indication that the state district court issued a summons for LANS or any of the other "defendants" Ms. Robinson mentioned in her petition.  LANS admits in its Notice of Removal that Ms. Robinson never formally served it with the "complaint" (petition), but "left the complaint in this matter in a grocery bag on an exterior door at the offices of LANS's registered agent on August 24, 2015." Doc. 1 at 3.

[7] It is unlikely that the New Mexico district court would have permitted Ms. Robinson to join/implead LANS, or any of the other potential parties listed in her "petition."  Under the New Mexico Rules of Civil Procedure, a defendant may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."  *See* SCRA 1-014(A).  The New Mexico Supreme Court "has consistently interpreted this requirement to mean that the third party's potential liability must be derivative of or dependent upon the outcome of the primary claim against the defendant."  *Yelin v. Carvel Corp.*, 893 P.2d 450, 451 (1995). There is nothing in the record to suggest that any of Ms. Robinson's additional claims are dependent on the outcome of her landlord-tenant case.

door.  Only the state district court judge had the power to make LANS a party, but LANS

removed the case before the state court made this determination.

LANS' two additional grounds for removal also fail.  First, LANS states that removal is

proper because the U.S. Attorney's Office "has been joined as a party," making removal proper

under 28 U.S.C. § 1442(a).  Doc. 1 at 3.  Second, LANS states that removal is proper because

Ms. Robinson alleges that both she and her father suffered injuries resulting from radiation

exposure from Los Alamos National Labs, a claim which must be brought in federal court under

the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384 *et*

*seq*.  *Id*. at 4.  Both of these grounds fail because, like LANS, neither the U.S. Attorney's Office

nor Los Alamos National Labs were joined as parties at the time of removal.  Therefore, none of

the claims against these parties can serve as the basis for removal.

### C.  Even if LANS had been Joined in the State Court Proceeding, Third-Party Defendants Generally Cannot Remove Cases to Federal Court.

Even if Ms. Robinson had succeeded in joining/impleading LANS, LANS would have

been a third-party defendant in the lawsuit.  While the Tenth Circuit has not definitively ruled

that third-party defendants cannot remove cases to federal court, this Court routinely has held

that third-party defendants cannot remove cases to federal court.  As the Honorable Judge James

Browning explained:

> While on a clean slate, the phrase "defendant or defendants" could be read
> to include any party that is defending against a claim—counter-defendants, cross-
> defendants, third-party defendants—the Court does not write on a clean slate.
> The Supreme Court has already established that cross-defendants may not
> remand; there is no valid distinction between cross-defendants, counter-
> defendants, and third-party defendants for the purposes of 28 U.S.C. § 1441(a).
> The Court thus agrees with those courts that have held only original defendants
> may remove cases under 28 U.S.C. § 1441(a).

*Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1051 (D.N.M. 2011).

### D.  Attorney's Fees on Remand

Mr. Kormick and Mr. Smith ask this Court to assess attorney fees and costs against Ms. Robinson.  Doc. 25 at 8.  Because Ms. Robinson was not the removing party, I recommend that the Court deny this request.

A federal court remanding a removed case to state court for lack of subject matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

In the instant case, I recommend that no attorney's fees be awarded.  The fact that the state district court mislabeled Ms. Robinson as a plaintiff instead of a defendant, and the fact that Ms. Robinson's filings are confusing and do not conform with the rules of civil procedure, created a great deal of confusion.  This confusion made it appear, on the surface, that there may have been an objectively reasonable basis for removal.

THEREFORE, I recommend that the Court dismiss this case for lack of subject matter jurisdiction and remand it to the First Judicial District Court, County of Los Alamos, State of New Mexico.  I further recommend that the Court deny Messrs. Kormick and Smith's request for costs and attorney's fees.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.


Laura Fashing
United States Magistrate Judge