IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBINSON et al.,

    Plaintiffs,

vs.                                                                           1:15-cv-00839-KG-LF

LOS ALAMOS NATIONAL SECURITY, LLC et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition (Doc. 40) ("PFRD") and "plaintiff" Deborah Robinson's objections to the PFRD (Doc. 52). Having reviewed the record in this case, the Court overrules Robinson's objections and adopts the magistrate judge's recommendation to dismiss this case for lack of subject matter jurisdiction and remand it to state court.

**I.      Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of*

*Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*.

**II.     Discussion**

Deborah Robinson filed timely objections to the PFRD (Doc. 52, filed on December 28, 2015), but the Objections contain no specific factual or legal points of contention with the PFRD. In her Objections, Robinson states, "The US Magistrate Judge Laura Fashing has made rash and incorrect statement (sic)," Doc. 52 at 4, but does not identify what statement(s) she believes are incorrect. Instead, Robinson—as in her previous filings in this case—strings together a litany of past wrongs and legal issues, in an almost incoherent manner. At one point Robinson states that the case was "WRONGFULLY REMOVED BY LANDLORDS NATIONAL SECURITY ILLEGALLY TO FEDERAL JURISDICTION." *Id.* at 1. Later she states that she "can not (sic) get any assistance or process in Nm (sic) District Court which is the correct jurisdiction and the original district jurisdiction." *Id*. at 7. Given these seemingly contradictory statements, it is difficult to ascertain whether she objects to or approves of the case being remanded to state court.

Elsewhere, Robinson seems to take umbrage with the magistrate judge's finding that the original complaint in the case was governed solely by New Mexico landlord-tenant law: "To state that the proceedings were governed by the Uniform Article 8 and disregard my claim to the Fair Housing and conversion and the obligation of Eveline Robinson to pay the rent and utilities whether she was occupying or not and the Subchapter I and II of the Fair Housing Act is the point . . . ." *Id*. at 7. Even liberally construing Robinson's objections, as the Court is required to

2

do for *pro se* filers, the Court is unable to find any specific factual or legal points challenging the magistrate judge's finding that this Court lacks jurisdiction under the well-pleaded complaint rule. *See, e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F. 3d 836, 840 (10th Cir. 2005), (stating a court may make allowances for *pro se* litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements," a court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments or searching the record.)

Because Robinson fails to identify specific legal arguments or factual issues that undermine the magistrate judge's findings and recommendations, her objections (Doc. 21) are overruled.

IT IS THEREFORE ORDERED that the Proposed Findings and Recommended Disposition (Doc. 40) is ADOPTED by the Court.

IT IS FURTHER ORDERED that this case be DISMISSED for lack of jurisdiction and REMANDED to state court.

Because this case is remanded, Robinson's Motion to Reopen and Furnish Counter Complaint Damages (Doc. 41) is hereby DENIED as moot.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE