IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH ROBINSON et al.,

    Plaintiffs,

vs.                                                                                       1:15-cv-00839-KG-LF

LOS ALAMOS NATIONAL SECURITY, LLC et al.,

    Defendants.

**ORDER DENYING MOTION TO REOPEN CASE**

THIS MATTER COMES before the Court on Deborah Robinson's Motion to Reopen Case (Doc. 73), filed on May 16, 2016. The Court previously determined that it lacked subject matter jurisdiction, and remanded the case to state court. *See* Doc. 40, 60, 61. Because the Court lacks jurisdiction to reopen the case, and because Ms. Robinson fails to meet the requirements to reopen this case under FED. RULE CIV. P. 60(b), the motion to reopen will be DENIED.

    **A. The Court cannot reconsider its own remand order.**

This Court lacks jurisdiction to reconsider its remand order. With limited exceptions for suits against federal officers or agencies and civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). While the Tenth Circuit has not ruled on whether 28 U.S.C. § 1447 forecloses a district court from reconsidering its own remand order, other circuits have held that it does. *See Chaara v. Intel Corp.*, No. 05cv278, 2006 WL 4060670, at *5–6 (D.N.M. Nov. 21, 2006) (collecting citations from the first, fourth, and eleventh circuits). Additionally,

> at least three district courts in the Tenth Circuit—including this Court—have also found that they cannot review their own remand orders. *See Stark-Romero v. Nat'l R.R. Passenger Co.,* 763 F. Supp. 2d 1231, 1261 (D.N.M. 2011) (Browning, J.) ("Because the Court cannot reconsider Chief Judge Vázquez' remand order,

> the Court will remand Stark-Romero's claims."); *Maggio Enters. v. Hartford Cas. Ins. Co.,* 132 F. Supp. 2d 930, 931 (D. Colo. 2001) (Daniel, J.) ("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand." (citations omitted)); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999) (Vratil, J.) ("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review." (citations omitted))

*New Mexico Ctr. on Law & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1244 (D.N.M. 2014).

I find the cases from other circuits, as well as the cases from the Tenth Circuit district courts, persuasive. Therefore, I find that the Court lacks jurisdiction to reopen this case and must deny Ms. Robinson's motion.

### B. Even if the Court could reconsider its own remand order, Ms. Robinson fails to meet the requirements under Rule 60(b) to reopen this case.

Under the federal rules, a party may seek relief from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Ms. Robinson states that she seeks to "File a Rule 60 b [sic], for several listed grounds, but especially Rule 60 B (3) [sic] or 'FRAUD' due to the misrepresentations and misconduct of the opposing Parties (their attorneys)." Doc. 73 at 2. Ms. Robinson then describes several other court cases and legal matters, none of which support her request to reopen this case. *See id.* at 2–5.

Ms. Robinson states that she never agreed to removal and claims that she filed a motion in New Mexico State District Court to have the case "returned to New Mexico Original

Jurisdiction." *Id.* at 6. Ms. Robinson complains that the state court declined to hear her counterclaims and "personal property issues," calling these "mistakes of the lower magistrate court in Fraud." *Id.* at 6–7. Ms. Robinson also states that she filed a complaint with the New Mexico Disciplinary Board, seeking damages for past attorney misconduct. *Id.* at 7.[1] She then asks "[i]f the Federal [Court] has any Federal Sanctions for their misconduct, it would be appreciated if the enforced penalties or fines and granted me Relief and damages." *Id.*

To the extent that the Court can discern Ms. Robinson's arguments, she fails to show that she has any basis to reopen the case under Rule 60(b)(3). '[T]he party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). Ms. Robinson asserts no claim of fraud, misconduct, or misrepresentation connected to the case she seeks to reopen. Additionally, while Ms. Robinson states she seeks to reopen the case on "several listed grounds," Ms. Robinson fails to discuss any of the other listed grounds in Rule 60(b)(3). Ms. Robinson consequently has failed to establish a basis for relief under Rule 60(b) from this Court's order remanding the case to the state district court.

---

[1] Ms. Robinson attached several documents to her motion, including a copy of her complaint to the New Mexico Disciplinary Board, a partially filled out Disciplinary Board complaint against an attorney not connected to this case, a committee commentary note on the constitutional right to a speedy trial, a copy of her New Mexico identification card, two Criminal Trespass Warnings from the Los Alamos Police Department, and a copy of FED. RULE CIV. P. 60. Doc. 73 at 10–25. Ms. Robinson also separately filed a document with the partial title of "These Pages are to Explain to the New Mexico State Disciplinary Board Why the Matter of Over (28) Undisciplined Attorneys are the Legal Reason to Re-Open Federal Cause Number (1:15-cv-0839-KG-LF) . . . ." Doc. 74. In this document, she states that "The Basis Case (Jurisdiction, Grounds) for the United States Federal District and the Reopening of Federal (Case number 1:15-cv-0839-KG-LF), is . . . the Attachment of the disciplinary Board, past and present, complaints against attorneys, and judges and psychologists and landlords/housing, and discrimination therein, including Discrimination if [sic] jobs, and education, etc., as well as public accommodations." *Id.* at 5–6. This Court lacks jurisdiction over the 28 undisciplined attorneys and the litany of other wrongs listed by Ms. Robinson.

**IT IS THEREFORE ORDERED** that Ms. Robinson's Motion to Reopen Case (Doc. 73) is DENIED.

**IT IS FURTHER ORDERED** that Ms. Robinson may file no other documents in this case other than a notice of appeal.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept for filing in this case any further documents or pleadings by Ms. Robinson other than a notice of appeal.

_____
UNITED STATES DISTRICT JUDGE